Judge Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR11-5241BHS |
| Plaintiff, | |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| JONELLE LAJOHN BRAUN, | |
| Defendant. | |

The United States of America, by Jenny A. Durkan, United States Attorney for the Western District of Washington, and Jesse Williams, Special Assistant United States Attorney for said District, and Ye-Ting Woo, Assistant United States Attorney for said District, submits this sentencing memorandum in this case. Sentencing is currently scheduled for March 26, 2012.

## I. INTRODUCTION

On December 28, 2011, the defendant pled guilty to a three-count information for two counts of Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2), and one count of Human Trafficking, 18 U.S.C. §1590(a). The firearm counts carry no minimum sentence, a maximum sentence of 10 years, a fine of up to $250,000, and up to 3 years of supervised release. The human-trafficking count carries no minimum sentence, a maximum sentence of 20 years, a fine of up to $250,000, and up to 3 years of supervised release. The parties agree that the defendant's guideline range is 120 to 150

Sentencing Memo
U.S. v. Braun, CR11-5241BHS    — 1

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

months. Pursuant to the terms of the plea agreement, the parties are jointly recommending that the court impose a sentence of 120 months, 3 years of supervised release, restitution to the victim of Count 3, and $300 in special assessments.

## II. OFFENSE CONDUCT

The facts of the case are adequately and accurately reflected both in paragraphs 7 through 15 of the Presentence Report and in the agreed statement of facts set forth in paragraph 9 of the plea agreement.

## III. GUIDELINE CALCULATION

The parties and Probation all agree on the calculation of the defendant's sentencing guidelines range. As to the firearm counts, the base offense level is 24 given the defendant's two prior convictions for a controlled substance offense. USSG §2K2.1(a)(2). There is also a 2-level upward adjustment for one of the firearms being stolen. §2K2.1(b)(4)(A).

As to the human-trafficking count, the base offense level is 22 and there are the following adjustments: a 2-level upward adjustment for the brandishing and threatened use of a deadly weapon; a 1-level upward adjustment for holding the victim in a condition of peonage for more than 30 but less than 180 days; and a 2-level upward adjustment for the commission of another felony offense in connection with and during the commission of the peonage. USSG §2H4.1(a)(1), (b)(2)(B), (b)(3)(B), (b)(4)(A).

The combined offense level for all three counts is 29. USSG §3D1.4. The defendant should received a 3-level downward adjustment for acceptance of responsibility, USSG §3E1.1, making his total offense level 26.

The defendant falls into criminal history category VI with 13 points. As such, his guideline range is 120 to 150 months.

## IV. RESTITUTION

Restitution to JF-1, the victim in Count 3 of the crime of Human Trafficking, is mandatory under United States Code, Title 18, Section 1593. This section provides that the court "shall order restitution for any offense under this chapter." 18 U.S.C. § 1593(a).

Sentencing Memo
U.S. v. Braun, CR11-5241BHS — 2

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

The restitution order "shall direct the defendant to pay the victim ... the full amount of the victim's losses," and those losses are defined to include:

> the *greater* of the *gross* income or value to the defendant of the victim's services or labor *or* the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act [FLSA] (29 U.S.C. § 201 *et seq.*).

§ 1593(b)(1),(3) (emphases added).[1]  Restitution orders are to be issued and enforced pursuant to 18 U.S.C. § 3664.  *See* 18 U.S.C. § 1593(b)(2).

Section 1593(b)(3) defines the victim's losses as the greater of the value rendered to the defendant or the value of the victim's labor.  The defendant generated significant ill-gotten profits for himself, while simultaneously depriving JF-1 of the value of using her own labor.  The loss calculation as to JF-1 is provided below.

From December 2010 to March 2011, the defendant earned money from JF-1's prostitution activities.  While JF-1 was with the defendant, she worked seven days a week, and had to be available 24 hours a day, responding to client calls and doing sex work.  The defendant did not provide access to the funds that JF-1 earned to her.  She had to ask for permission from the defendant to buy food, personal items, and clothing.

<u>Fair Labor Standards Analysis:  Victim's Lost Earning Opportunities</u>

Section 1593(b)(3) calls for restitution in the amount of "the value of the victim's labor" under the FLSA, 29 U.S.C. § 201 <u>et seq.</u>, if that amount is greater than the value the defendant derived from the victim.  Awarding restitution based on the market "value of labor" can effectively recompense the victim -- *not* for the odious, dehumanizing acts which she was forced to perform, for which no monetary sum could ever properly compensate her -- but rather for having been denied any opportunity to pursue a livelihood for herself while she was under the defendant's control.

---

[1] The term "full amount of the victim's losses" also includes "any costs incurred by the victim for . . . necessary transportation, temporary housing . . . and any other losses suffered by the victim as a proximate result of the offense."  18 U.S.C. § 2259.  *See also* § 1593(b)(3).

Sentencing Memo
U.S. v. Braun, CR11-5241BHS       — 3 —

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

The mandated state minimum wage for the first forty hours of labor each week in the State of Washington in 2010 was $8.55 per hour.  For each hour beyond forty hours, the worker in this State is entitled to the premium rate of one and one-half times the regular rate, or $12.82.  Thus the value of labor opportunity which the defendant denied JF-1 in Washington, is $342.00 ($8.55 x 40 hours) and $564.08 ($12.82 x 44 hours) weekly, totaling $906.08.  For ease of calculation, the government will use the figure of $900 per week to calculate the minimum wage earnings that JF-1 should have been paid for her labor.  From December 2010 to March 2011, JF-1 worked about 16 weeks.  Based on the amount of $900 per week, the total amount of the value of JF-1's labor, under the Fair Labor Standards Act, is $14,400.00.

## Unjust Enrichment

Section 1593(b)(3) requires a court to order restitution equal to the "greater of" the value rendered to the defendant, that is, the amount by which the defendant was "unjustly enriched" as a result of the victim's coerced labor, or the value based on FLSA calculations.

To determine the unjust enrichment value, the Court must calculate the amount acquired by the defendant through JF-1's labor by considering the amount of funds that the defendant directly pocketed.  JF-1 did not maintain a record of her earnings for the defendant, although she has estimated that she earned from $100 to $500 per day, or $700 to $3500 per week.  A conservative figure would be based on the average figure of $250 earned per day.  Over the course of 16 weeks or 112 days, JF-1 earned, for the defendant's benefit and unjust enrichment, $28,000.00.  The he Government respectfully submits that a proper measure of the victim's loss is calculated under this greater value of the defendant's unjust enrichment, thus the restitution amount to be ordered should be $28,000,00.[2]

---

[2] In mandating that victims receive the greater of the two loss calculations, Congress clearly contemplated that some victims might be compensated beyond the market value of their labor, to ensure that defendants are required to disgorge ill-gotten profits derived from their exploitation of victims.

Sentencing Memo
U.S. v. Braun, CR11-5241BHS  — 4

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

### IV. WAIVER OF APPEAL

The defendant has entered into an agreement with the government to waive his right to appeal the sentence and conviction, except as to any collateral attack or motions under 18 U.S.C. §2241. The government respectfully requests this Court to advise the defendant of his waiver of appeal as stated in Paragraph 15 of the parties' written Plea Agreement.

### V. SENTENCING RECOMMENDATION

A court shall consider the following factors when determining a sentence: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and (9) the need to provide restitution to any victims of the offense. 18 U.S.C. §3553(a).

With respect to the nature of the offense under 3553(a) factor one, the defendant's use and carrying of firearms, and the trafficking of JF-1, who was merely 16 years old, demonstrate that the nature and circumstances of the offense are serious and egregious. The defendant's improper influence over JF-1, the fact that he led her to believe that if she did not follow his instructions and directions that she would suffer serious harm, are strong indications that the defendant is a young man who lacks respect and consideration for another human being, and that he is driven utmost by greed. These considerations in tandem with the defendant's penchant for guns underscores the serious danger of his offenses.

With respect to factor two, that is, the history and characteristics of the defendant,

Sentencing Memo
U.S. v. Braun, CR11-5241BHS — 5

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

the defendant has a lengthy criminal history, including prior arrests and convictions for violent crimes. The defendant's criminal record is littered with acts of domestic violence and involvement with guns and drug trafficking. The details of his record also reflect that JF-1 is not the first female that the defendant has worked as a prostitute.

The 3553(a) factors three, four, and five provide that the sentence should provide just punishment while promoting respect for the law, ensuring the safety of the public, and deterring similar crimes. There is a strong need to deter this illegal gun possession and exploitation of teenage girls in the sex industry. Further, in this case, there is a real need to promote respect for the law, as the defendant has shown contempt for it. The defendant has had numerous contacts with law enforcement, including occasions when he was with JF-1 and yet, despite such interventions, the defendant continued to engage in dangerous criminal activity.

With respect to 3553(a) factor six and seven, there is no indication that the defendant needs special medical care.

Factor eight directs the Court to avoid unwarranted disparity. The sentence of ten years is within the range of many of the defendants sentenced in this District to the crime of human trafficking or sex trafficking. Any concerns about sentencing disparity must be tempered by the fact that the defendant is being sentencing not just for sex trafficking but for the theft and trafficking and repeated possession of firearms.

In summary, the parties' joint recommendation for a sentence of 120 months carefully balances the factors of Title 18, United States Code, Section 3553(a). This sentence, while lengthy, appropriately accounts for the wide swath of the defendant's serious and dangerous criminal activity in the winter and spring of 2010 and 2011. It recognizes the revolving-door nature of the defendant's involvement with the criminal justice system. The sentence resolutely makes clear that the use of violence, the pimping of women, and the theft and trafficking and possession of firearms by felons will not be tolerated.

Sentencing Memo
U.S. v. Braun, CR11-5241BHS  — 6 —

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## VI.  CONCLUSION

For the foregoing reasons, this court should follow the joint recommendation for a sentence of 120 months, 3 years of supervised release, $300 in special assessments, and no fine.  This court should also order restitution in the amount of $28,000.

Dated this 19th day of March, 2012.

Respectfully submitted,

JENNY A. DURKAN
United States Attorney

 s/*Jesse Williams*
JESSE WILLIAMS
Special Assistant United States Attorney

 s/*Ye-Ting Woo*
YE-TING WOO
Assistant United States Attorney

Sentencing Memo
U.S. v. Braun, CR11-5241BHS — 7

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800